Asociación de Periodistas de Puerto Rico (ASPRO), *Ex parte*, peticionarios.

*Número:* MC-2015-003    *Resuelto:* 2 de marzo de 2015

## RESOLUCIÓN

Examinada la solicitud de la Asociación de Fotoperiodistas de Puerto Rico, el Taller de Fotoperiodismo y el Overseas Press Club presentada hoy, *se declara "con lugar"*.

Los gremios periodísticos deberán regirse según lo previsto en el Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales.

*Notifíquese inmediatamente.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. La Juez Asociada Señora Rodríguez Rodríguez y el Juez Asociado Señor Rivera García no intervinieron. El Juez Asociado Señor Estrella Martínez emitió un voto particular de conformidad. El Juez Asociado Señor Feliberti Cintrón hubiera provisto "no ha lugar" a lo solicitado, pues no se le brindó un término razonable a las partes involucradas en el caso para poderse expresar al respecto.

(*Fdo.*) Aida Ileana Oquendo Graulau
*Secretaria del Tribunal Supremo*

— O —

Voto particular de conformidad emitido por el Juez Asociado Señor Estrella Martínez.

Indudablemente, el dictamen que hoy emite este Tribunal constituye otro avance en el quehacer de lograr mayor accesibilidad del Pueblo en lo que respecta a la información que día a día surge en nuestros foros judiciales.[1] A todas luces, la petición que hoy autoriza este Tribunal amplía la ventana de acceso a la información pública: derecho básico en una sociedad democrática. Como no tengo reparos en permitir el mayor grado posible de difusión de este tipo de información, expreso mi conformidad con el curso de acción que antecede.

Nuevamente, varias organizaciones periodísticas recurren ante este Tribunal mediante una petición de acceso a la prensa a los procedimientos que acontecen en nuestros tribunales. En particular, solicitan la autorización para grabar y transmitir la vista de excarcelación del Sr. Christian Serrano Chang, cuya sentencia fue revocada por el Tribunal de Apelaciones y, a su vez, se ordenó la celebración de un nuevo juicio. Cabe destacar que la prensa expone en su petición que el acceso solicitado se llevará a cabo conforme con los parámetros ya establecidos por la Oficina de Administración de los Tribunales y según dispuestos en el Plan Experimental que a esos fines está en vigor.

Esta nueva petición debe recordarnos la necesidad de ampliar y uniformar las normas que se iniciaron con la implantación del exitoso programa experimental, a fin de que la ciudadanía pueda tener acceso a procedimientos judiciales más allá de los autorizados previamente.

En armonía con mi proceder ante peticiones simila-

---

[1] Véase el Voto particular de conformidad emitido en *In re C. 15; Regl. Uso Cámaras Proc. Jud.*, 188 DPR 424, 445 (2013).

res,[2] expreso mi conformidad con permitir el acceso de la prensa al proceso judicial en cuestión.

---

[2] Véanse: Voto particular de conformidad emitido en *ASPRO et al., Ex parte*, 191 DPR 490, 496 (2014); Voto particular de conformidad emitido en *Solicitud ASPRO et al, Ex parte II*, 190 DPR 184 (2014); Voto particular disidente en *ASPRO et al., Ex parte I*, 190 DPR 82 (2014); Voto particular de conformidad en *ASPRO et al., Ex parte I*, 189 DPR 769 (2013).