EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex Parte:<br><br>Televicentro of Puerto Rico, LLC | 2016 TSPR 40<br><br>194 DPR ____ |

Número del Caso: MC-2016-310


Fecha: 17 de marzo de 2016


Televicentro of Puerto Rico, LLC:

      Sr. Enrique Cruz


Materia: Resolución del Tribunal con Votos Particulares Disidentes


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte

Televicentro of Puerto Rico,          MC-2016-0310
LLC

RESOLUCIÓN

San Juan, Puerto Rico, a 17 de marzo de 2016

Examinada la *"Moción Solicitando Utilización de Equipo Audiovisual para la Cobertura Electrónica de los Procesos Judiciales"* presentada por Televicentro of Puerto Rico, LLC, para el caso *El Pueblo de Puerto Rico v. Luis Gustavo Rivera Seijo* VY2016CR00505-1, se provee no ha lugar.

En primer lugar, como cuestión de umbral, es menester señalar que la moción que nos ocupa fue presentada por el peticionario fuera del término dispuesto en la Regla 15 del *Reglamento del programa experimental para el uso de cámaras fotográficas y de equipo audiovisual de difusión por los medios de comunicación en los procesos judiciales.* Véase Reg. Prog. Exp. U. Cám. Foto. Equip. Audio. Dif. Med. Com. Proc. Jud., R. 15, 4 L.P.R.A. Ap. XXXV, R. 15 (según enmendado por la resolución ER-2015-06 de 15 de julio de 2015). Ésta dispone que, no tratándose de una sala a la cual se extiende el programa experimental, el interesado en grabar los procedimientos deberá presentar una moción a tales efectos ante este Tribunal "al menos veinte (20) días antes de la fecha asignada en el calendario para el inicio del proceso". *Id.* Así, nótese que el peticionario presentó su solicitud ante este Tribunal el 11 de marzo de 2016 y que la vista preliminar que pretende grabar se celebrará el 29 de marzo de 2016, en una sala que no es parte del referido programa

experimental. Es decir, el peticionario no presentó su solicitud ante este Tribunal con al menos veinte (20) días de anticipación. Tampoco adujo circunstancias extraordinarias que ameritaran obviar el término en cuestión.

Por otro lado, y más importante, el reglamento aludido contiene una serie de definiciones, las cuales delimitan su alcance. Entre éstas, en lo pertinente, conviene destacar que, en lo criminal, se ha de entender por "procesos judiciales" únicamente "juicios por tribunal de derecho, lecturas de fallo y vistas de lectura de sentencia". *Id.* R. 4j(ii). Por tanto, el reglamento no autoriza la grabación de otros procesos, en lo criminal, como, por ejemplo, la vista preliminar. En consecuencia, sin lugar a dudas, la solicitud del peticionario no tiene cabida dentro del esquema reglamentario aprobado por este Tribunal.

Por último, nótese que la comparecencia de Televicentro of Puerto Rico, LLC, a través de su vice-presidente, sin representación legal constituye un fundamento ulterior para denegar la moción que nos ocupa, puesto que en nuestra jurisdicción las corporaciones están impedidas de comparecer ante los tribunales *pro se*. Véase *B. Muñoz, Inc. v. Prod. Puertorriqueña*, 109 D.P.R. 825 (1980).

Notifíquese por teléfono y correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres hace constar las siguientes expresiones, a las que se une el Juez Asociado señor Feliberti Cintrón:

"El Juez Asociado señor Martínez Torres está conforme con proveer no ha lugar a la solicitud ante nuestra consideración por los fundamentos contenidos en esta Resolución. No obstante, entiende que el asunto de la representación de la peticionaria, Televicentro of Puerto Rico, L.L.C. (Televicentro), por parte de uno de sus oficiales no es una cuestión que depende de si el *Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Celebrados en los Procesos Judiciales* (Reglamento del PECAM), lo autoriza o no. Esto es un asunto que hay que enmarcarlo dentro de nuestros pronunciamientos en B. Muñoz, Inc. v. Prod. Puertorriqueña, 109 DPR 825, 828 (1980),

sobre la práctica ilegal de la abogacía en Puerto Rico. En ese caso este Tribunal adoptó "la norma que veda a los entes corporativos de comparecer por derecho propio ante los tribunales de justicia". Íd.

El hecho de que en esta ocasión la comparecencia de Televicentro no sea en el contexto de un caso-controversia, no hace inaplicable esta norma. La Regla 15 del Reglamento del PECAM dispone **expresamente** que "[l]os medios de comunicación interesados en la cobertura electrónica de procesos judiciales celebrados en las salas a donde no se ha extendido el Programa Experimental, **podrán solicitar autorización al Tribunal Supremo mediante una <u>moción</u>** presentada al menos veinte (20) días antes de la fecha asignada en el calendario para el inicio del proceso […]." (Énfasis suplido). <u>In re: Enmiendas al Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Celebrados en los Procesos Judiciales</u>, 2015 TSPR 92. Esa regla es tan clara que un lego, el Sr. Enrique Cruz, Vicepresidente de Televicentro, la entendió y tramitó su solicitud mediante un escrito titulado "**<u>Moción</u>** solicitando utilización de equipo audiovisual para la cobertura electrónica de procesos judiciales". (Énfasis suplido). Las mociones ante el Tribunal Supremo, sin lugar a dudas, son <u>comparecencias</u> ante un foro judicial, y cuando son presentadas por entes corporativos, tienen que ser suscritas por un abogado. De lo contrario, como en este caso, estamos ante un escenario de práctica ilegal de la abogacía. Sec. 7 de la Ley Núm. 17 de 10 de junio de 1939, según enmendada, 4 LPRA sec. 740. Por esa razón, es indudable que los hechos ante nuestra consideración están sujetos a nuestros pronunciamientos en <u>B. Muñoz, Inc. v. Prod. Puertorriqueña</u>, <u>supra</u>."

El Juez Asociado señor Rivera García hace constar la siguiente expresión:

"Estoy conforme con proveer no ha lugar. No obstante, estoy en desacuerdo con la determinación que hoy toma este Tribunal de

utilizar como fundamento ulterior para denegar la moción que nos ocupa, el hecho de que el ente corporativo tenga que comparecer con representación legal para solicitar la cobertura electrónica de los procesos que acontecen en los foros judiciales. Considero que la mayoría de los miembros de este Tribunal está partiendo de una interpretación errónea de nuestro precedente en B. Muñoz, Inc. v. Prod. Puertorriqueña, 109 DPR 825 (1980). La norma establecida en tal caso se da en el contexto de un caso o controversia y no de una petición *Ex parte* como ocurre en esta solicitud. Mi criterio responde a que el Reglamento del programa experimental para el uso de cámaras fotográficas y de equipo audiovisual de difusión por los medios de comunicación en los procesos judiciales para nada dispone. Véase, Reg. Prog. Exp. U. Cám. Foto. Equip. Audio. Dif. Med. Com. Proc. Jud., R. 15, 4 LPRA Ap. XXXV, R. 15 (según enmendado por la resolución ER-2015-06 de 15 de julio de 2015).

La Jueza Presidenta Oronoz Rodríguez, los Jueces Asociados señor Kolthoff Caraballo y señor Estrella Martínez emitieron Votos particulares disidentes.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte

Televicentro of Puerto Rico,
L.L.C.

MC-2016-0310

Voto particular disidente emitido por la Jueza Presidenta Oronoz Rodríguez

En San Juan, Puerto Rico, a 17 de marzo de 2016.

Comparece Televicentro de Puerto Rico, LLC. (Televicentro) mediante su Vice-Presidente de Noticias, el Sr. Enrique Cruz. Solicita que "para efectos de mantener a la ciudadanía informada en relación a los hechos acontecidos en el asesinato del niño Lorenzo González Cacho" autoricemos la entrada de equipo audiovisual para la grabación y posterior retransmisión del procedimiento de vista preliminar en el caso de El Pueblo de Puerto Rico v. Luis Gustavo Rivera Seijo.[1]

---

[1] La vista preliminar está pautada para el 29 de marzo de 2016.

Enseguida debemos enmarcar la presente solicitud. Con el objetivo de brindar mayor acceso de la ciudadanía a su sistema de justicia y fomentar la transparencia de los procesos judiciales, el 19 de abril de 2013 este Tribunal implantó el *Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Celebrados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan* (PECAM), así como el *Reglamento del Programa Experimental para el Uso de las Cámaras Fotográficas y Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales* (Reglamento del PECAM).[2]

Aunque en su inicio el PECAM estuvo limitado a las Salas de Recursos Extraordinarios del Centro Judicial de San Juan, luego de constatar sus resultados positivos, el 15 de julio de 2015 enmendamos el Reglamento para extender la aplicación del PECAM a la Sala 901 de Asuntos de lo Civil del Centro Judicial de San Juan y a la Sala 1104 de Asuntos de lo Criminal de ese mismo Centro Judicial.

En aquel entonces emití un Voto Particular de Conformidad y favorecí la entrada de cámaras a una sala judicial porque entendía y entiendo que éstas:

---

[2] Véase *In re: C. 15; Regl. Uso Cámaras Proc. Jud.*, 188 DPR 424 (2013).

permiten que la ciudadanía tenga acceso de primera mano al funcionamiento de su sistema de justicia. Sin este tipo de acceso, aquellas personas que nunca han acudido a los tribunales están sujetas a las impresiones que le transmitan terceras personas -impresiones que no siempre se ciñen a la realidad de los procesos y a lo acontecido en las salas-, así como a las concepciones erróneas que suelen predominar acerca del proceso judicial.[3]

Aclaré, además, lo siguiente:

Aunque estoy de acuerdo con estos pasos afirmativos, considero que los mismos no satisfacen por completo los reclamos de apertura, transparencia y accesibilidad que exigen las ciudadanas y los ciudadanos de nuestro País. Si bien hemos empezado a adelantar en el largo camino de la apertura, me reitero en que reducir la brecha tecnológica para promover la transparencia en la Rama Judicial no puede limitarse a cuatro salas en particular.[4]

Hoy me sostengo en que este Tribunal tiene que hacer más para poder alcanzar los objetivos que nos propusimos al implantar el PECAM. No tenemos las manos atadas. A pesar de que las referidas enmiendas restringieron la aplicación del PECAM a una sola Sala de asuntos de lo Criminal y en etapas de celebración de juicio por tribunal de derecho, lecturas de fallo y vistas de lectura de

---

[3] Véase Voto Particular de Conformidad emitido en *In re*: Enmiendas al Reglamento del Programa Experimental para el Uso de las Cámaras Fotográficas y Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales, 2015 TSPR 92, 193 DPR ___ (2015).

[4] Íd.

sentencia, por virtud de la Regla 15 contemplamos su aplicación excepcional en otras instancias con el fin de cumplir el cometido de más acceso y transparencia:

> Los medios de comunicación interesados en la cobertura electrónica de procesos judiciales celebrados en las Salas a donde no se ha extendido el Programa Experimental, podrán solicitar autorización al Tribunal Supremo mediante una moción presentada al menos veinte (20) días antes de la fecha asignada en el calendario para el inicio del proceso. En casos extraordinarios, los medios de comunicación podrán presentar la petición tan pronto advengan en conocimiento del señalamiento.[5]

Por otro lado, para una cabal comprensión, hay que poner en contexto las particularidades de la solicitud que tenemos ante nos. Se trata de un caso que, desde su origen hace más de seis años, estremeció a todo el País. La proliferación a borbotones de información discordante caracterizó su tracto posterior, generando en la ciudadanía incertidumbre, desasosiego, escepticismo y desconfianza. Tanto, que recientemente el Secretario de Justicia compareció públicamente en conferencia de prensa para aclarar lo relacionado a la presentación de los cargos criminales e informar a la ciudadanía sobre el

---

[5] Regla 15 del Reglamento del Programa Experimental para el Uso de las Cámaras Fotográficas y Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales, según enmendada en *In re*: Enmiendas al Reglamento del Programa Experimental para el Uso de las Cámaras Fotográficas y Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales, supra.

comienzo del procedimiento penal por estos hechos ocurridos en marzo de 2010. Podemos, desde la Rama Judicial, ayudar a esclarecer esta incertidumbre y confusión.

Y es que precisamente, para combatir ésto fue que se creó el PECAM: para que la ciudadanía tenga acceso directo al proceso judicial y pueda ver de primera mano el funcionamiento del sistema de justicia. Permitir el acceso en un caso tan excepcional como éste, a través de la transmisión de los procedimientos, hubiera ayudado a contrarrestar esa inquietud y satisfacer más plenamente nuestro compromiso con una mayor transparencia.

En esta ocasión, perdemos una oportunidad de que el País sea testigo del orden, la verticalidad y la transparencia con la que se llevan a cabo nuestros procesos. Insisto en que es tiempo de no temer hacer las cosas de cara al sol. Es tiempo de confiar que el desempeño de las partes en este caso y del juez a cargo del mismo, estarán a la altura profesional y ética esperada por todas y todos en Puerto Rico. Estoy convencida que las ejecutorias dignas de los fiscales, los abogados de defensa del imputado y del juez a cargo del caso en esta etapa procesal, hubieran servido de antídoto idóneo contra el veneno de la confusión y hasta cierto

punto, perversión, que ha generado el debate público de este caso.

Asumir una postura contraria, en este caso específico, es perpetuar el manto de silencio e intriga que ha poblado el mismo desde el día uno. Estoy convencida que no le hacemos bien a la transparencia que exige nuestra ciudadanía, cuando podemos estar dando la impresión de que intentamos contener un asunto que ya se piensa y se siente público. Por eso disiento de la decisión que toma una mayoría del Tribunal al desaprovechar el mecanismo de la Regla 15 para robustecer, en una coyuntura tan relevante, la eficacia de un proyecto como el PECAM.

Sin lugar a dudas, la transmisión de la vista preliminar en el presente caso tendría que hacerse sin vulnerar la primacía del derecho constitucional del acusado a un juicio justo e imparcial. Sin embargo, ello no tiene que ser incompatible con el interés en promover el acceso de la ciudadanía a los procedimientos judiciales. Se trata siempre de hacer el fino balance, para lo que nuestro ordenamiento jurídico está preparado.

Así, por ejemplo, la Regla 8 del Reglamento del PECAM le reconoce suficiente discreción al juez o jueza que preside los procedimientos para limitar o prohibir la cobertura electrónica de cualquier porción del proceso

judicial en aras de proteger los derechos de las partes y de las personas testigos. Asimismo:

> [E]l juez o la jueza podrá ordenar en cualquier momento a los medios de comunicación que suspendan el uso de cámaras fotográficas y de equipo audiovisual de difusión, o podrá conducir el procedimiento en cámara, para evitar la difusión de la presentación en evidencia de cualquier documento o testimonio de naturaleza confidencial o sensitiva.[6]

Hoy una mayoría, tras realizar una interpretación rígida y restrictiva del Reglamento del PECAM, deniega la solicitud de Televicentro para la transmisión de la vista preliminar en este caso. Específicamente, concluye que la solicitud no se hizo dentro de los 20 días anteriores a la fecha asignada para la vista, que Televicentro compareció sin abogado por lo que estamos impedidos de atender su solicitud, y que el Reglamento del PECAM no autoriza la grabación de la vista preliminar.

En cuanto a esto último, vimos que la Regla 15 viabiliza la transmisión de un procedimiento judicial aunque no sea uno que se celebre en las Salas específicas a las cuales se ha extendido el PECAM. De otra parte, el requisito de someter la solicitud con al menos 20 días de

---

[6] Regla 8 del Reglamento del Programa Experimental para el Uso de las Cámaras Fotográficas y Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales. _In re_: C. 15; Regl. Uso Cámaras Proc. Jud., supra.

anticipación, no es uno de carácter fatal que nos prive de jurisdicción. Asimismo -y al margen de que Televicentro presentó su solicitud 19 días antes de la vista- la propia Regla 15 contempla que en casos extraordinarios se pueda presentar la solicitud en un término menor, es decir, tan pronto el solicitante advenga en conocimiento del señalamiento.

Por último, la mayoría se basa en jurisprudencia de este Tribunal que prohíbe que una corporación (como Televicentro) comparezca ante un Tribunal sin estar representada por un abogado. Sin embargo, ese precedente no era impedimento para que, en atención al alto interés público detrás de la solicitud, le hubiéramos concedido un término a Televicentro para comparecer con abogado a reiterar su petición.

El objetivo de promover el acceso de la ciudadanía a los procesos judiciales, fomentar la educación y la confianza en el sistema de justicia y alcanzar la transparencia óptima de los procedimientos sigue y seguirá siendo una prioridad para mí. La Rama Judicial no puede estar ajena a los reclamos de mayor transparencia y participación. Que no quepa duda.

Hoy perdimos la oportunidad de dar un paso importante que nos acerque a la meta final. Al trasparentar el procesamiento de este caso en su etapa judicial, pudimos

haber impulsado la credibilidad del mismo, medular para aclarar la percepción pública en cuanto al manejo de este caso. Los ciudadanos tienen que tener la certeza de que los procesos judiciales en los que pudieran estar involucrados están revestidos del más alto sentido de seriedad, buen manejo y confiabilidad. El elemento de publicidad es de gran ayuda, particularmente en este caso. En fin, que la transparencia no puede ser un principio populista o panfletario invocado en coyunturas convenientes. Tiene que vivirse. Se le tiene que dar vigor. Tiene, en fin, que ponerse en práctica. Por eso, aunque confío plenamente en nuestro sistema judicial y en el más alto nivel de competencia y compromiso de nuestros jueces y juezas, lamento que desaprovechemos la oportunidad de demostrarlo diáfanamente.

En consecuencia, por las razones expuestas disiento de la determinación mayoritaria. En cambio, hubiera emitido una orden a Televicentro para que, dentro de un término de 48 horas, compareciera con abogado a reiterar su solicitud. Cumplido lo anterior, proveería con lugar la solicitud.

Maite D. Oronoz Rodríguez
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte:


Televicentro de Puerto Rico,        MC-2016-0310
LLC


Voto particular disidente emitido por el Juez Asociado señor Kolthoff Caraballo


San Juan, Puerto Rico, a 17 de marzo de 2016.


Respetuosamente disiento del curso que ha tomado este Tribunal al denegar la petición presentada por Televicentro de Puerto Rico, LLC (Televicentro). En cambio, declararía "ha lugar" dicha solicitud por los fundamentos que esbozo a continuación.

En primer lugar, el término dispuesto en la Regla 15 del *Reglamento del programa experimental para el uso de cámaras fotográficas y de equipo audiovisual de difusión por los medios de*

*comunicación en los procesos judiciales*[7]  (Reglamento) constituye un término directivo.  En lo pertinente, dicha regla menciona que los medios de comunicación interesados en cubrir de forma electrónica los procesos judiciales efectuados en las salas adicionales podrán solicitar permiso a este Foro mediante una moción a presentarse "al menos veinte (20) días antes de la fecha asignada en el calendario para el inicio del proceso". (Énfasis suplido).

En este caso, el procedimiento de causa para arresto contra el Sr. Luis Gustavo Rivera Seijo se efectuó el martes 8 de marzo de 2016 y la petición se presentó ante esta Curia el viernes 11 de marzo de 2016. Éste no me parece un tiempo irrazonable para acudir ante este Tribunal a solicitar una autorización con el objetivo de cubrir la vista preliminar a celebrarse el martes 29 de marzo de 2016.  Asimismo, vale destacar la oración incluida en la Regla 15 del mencionado Reglamento en cuanto a que "[e]n casos extraordinarios, los medios de comunicación podrán presentar la petición tan pronto advengan en conocimiento del señalamiento".

En segundo lugar, me reafirmo en lo que expresé en ASPRO et al., Ex parte I, en términos de que "[c]on la excepción de los asuntos que se dilucidan en las salas de familia y menores, estableciendo las

---

[7] Véase In re C. 15; Regl. Uso Cámaras Proc. Jud., 188 DPR 424 (2013), según enmendado por la Resolución ER-2015-06 de 15 de julio de 2015.

restricciones que se entiendan necesarias, evaluando caso a caso y, sobre todo, concediendo una total discreción a los jueces de instancia, creo que es posible transmitir, incluso de forma televisiva, cualquier proceso judicial, en cualquier etapa".[8] (Énfasis omitido). Allí aclaré que, con relación a los procesos judiciales en las salas criminales, es de suma importancia salvaguardar los derechos de los acusados, así como proteger la seguridad de los testigos, jurados y demás protagonistas del procedimiento judicial criminal. Por ello, ante las preocupaciones en cuanto a estos dos asuntos medulares, me mostré optimista y continúo convencido de que "estos son asuntos en los que se pueden hacer los ajustes necesarios para asegurar la transmisión del proceso".[9]

Por último, entiendo que el caso B. Muñoz, Inc. v. Prod. Puertorriqueña, 109 DPR 825 (1980), que este Tribunal utiliza como fundamento adicional para denegar la petición de Televicentro, es claramente distinguible del presente asunto. Aquél se dio en el contexto de un caso o controversia, mas aquí se trata de una petición o solicitud *ex parte*. Es decir, aquí el asunto se circunscribe a si esta Curia concede o no un permiso

---

[8] Voto de conformidad del Juez Asociado señor Kolthoff Caraballo en ASPRO et al., Ex parte I, 189 DPR 769, 782 (2013).

[9] Íd.

para la cobertura de forma electrónica de una vista preliminar.

Una vez más me reitero en que "es evidente que los tiempos nos convocan a un ensanche de nuestras fronteras en este tema [de la cobertura electrónica de procesos judiciales] y no podemos dilatar, y mucho menos obviar, ese llamado. Por eso, es menester que el avance que se inició [en el 2013] no mengüe, sino que siga ganando impulso".[10]

Por todo lo anterior, disiento respetuosamente de la determinación que hoy toma este Tribunal.

Erick V. Kolthoff Caraballo
Juez Asociado

---

[10] Voto de conformidad del Juez Asociado señor Kolthoff Caraballo en ASPRO et al., Ex parte, 191 DPR 490, 497 (2014).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*Ex parte*

Televicentro of Puerto Rico,        MC-2016-310

L.L.C.

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 17 de marzo de 2016.

Este Tribunal debió reconocer voluntariamente que si algún caso criminal es conveniente transmitir en su totalidad, por el bien del interés público, de las partes involucradas y del propio sistema de justicia criminal, es precisamente **el caso del niño Lorenzo.** Sin embargo, hoy una Mayoría de este Tribunal, escudándose detrás de rigorismos y tecnicismos inaplicables, que en el pasado no habían sido óbice para que otros medios televisivos tuvieran acceso a los procesos que acontecen en nuestros foros judiciales, denegó la petición presentada por Televicentro of

Puerto Rico, L.L.C (Televicentro). Ello, en claro retroceso a los esfuerzos por lograr que el Poder Judicial sea más transparente y accesible a nuestra ciudadanía. En consecuencia, disiento de la determinación tomada por una Mayoría de este Tribunal. Veamos.

## I

Como uno de los fundamentos para la denegatoria de la petición instada por Televicentro, se indica que ésta incumple con los criterios dispuestos en la Regla 15 del *Reglamento del programa experimental para el uso de cámaras fotográficas y de equipo audiovisual de difusión por los medios de comunicación en los procesos judiciales* (Reglamento), según enmendado. En específico, que la petición se presentó fuera del término de 20 días dispuesto en la referida Regla. *Véase In re* Enmdas. Regl. Uso Cámaras Proc. Jud., 2015 TSPR 92, 193 DPR ___ (2015).

De entrada, resulta imperativo señalar que en este caso la vista de causa probable para arresto contra el Sr. Luis Gustavo Rivera Seijo se celebró el **8 de marzo de 2016**. Durante esa vista, se pautó para el **29 de marzo de 2016** la celebración de la vista preliminar para la cual Televicentro solicita el acceso. Así las cosas, la *Moción solicitando utilización de equipo audiovisual para la cobertura electrónica de procesos judiciales* (moción) se presentó ante este Tribunal el

**11 de marzo de 2016**, es decir, a tan solo **72 horas** de la vista de causa probable para arresto y **19 días** antes del proceso judicial a cubrirse. A todas luces, y a diferencia de lo que determina una Mayoría de este Tribunal, considero que ese periodo no es irrazonable ni mucho menos constituye un impedimento insalvable para que este Tribunal examine los méritos de la petición en cuestión.

Asimismo, adviértase que la Regla 15 también dispone que "[e]n casos extraordinarios, los medios de comunicación podrán presentar la petición tan pronto advengan en conocimiento del señalamiento". Íd. De igual forma, esta Regla solo hace mención de "al menos veinte (20) días antes" y no especifica que éstos sean de naturaleza jurisdiccional, por lo que se presumen meramente mandatorios o directivos. Íd. Por ello, no puedo coincidir con el rigorismo desmedido con el cual una Mayoría de este Tribunal examina y dispone de la petición presentada por Televicentro, fundamentándose en que ésta se presentó fuera del periodo "requerido".

Por su parte, como otro fundamento para denegar la petición ante nos, una Mayoría de este Tribunal señala que Televicentro compareció sin representación legal. Empero, valga resaltar que el texto de la Regla 15 nada dispone sobre tal requisito. Es decir, ésta no requiere expresamente que los medios noticiosos —como entes

corporativos- comparezcan mediante representación legal para solicitar la cobertura electrónica de los procesos que acontecen en los foros judiciales.

Nótese que la Regla 4(g) del Reglamento contiene una definición amplia de *medios de comunicación*, a saber: "toda aquella persona, organización o entidad cuya función sea obtener noticias para informar al público, ya sea de forma escrita, oral, visual o gráfica. Incluye agencias de noticias, diarios y semanarios de circulación nacional, estaciones de radio y televisión, prensa regional, revistas y prensa especializada e Internet". *In re* C. 15; Regl. Uso Cámaras Proc. Jud., 188 DPR 424, 430 (2013). Asimismo, la Regla 4(l) define *representante de los medios de comunicación designado* como aquel "representante de los medios de comunicación, escogido preferiblemente mediante consenso por los distintos medios de comunicación peticionarios, que ejerce como enlace entre el tribunal y los medios de comunicación a quienes representa". Íd., pág. 431. Adviértase que esta definición permite que el representante de los medios de comunicación sirva de enlace entre el tribunal y el medio de comunicación, sin que medie la figura de un representante legal. ¿Acaso tampoco la Mayoría le reconoce la legitimación de los periodistas y el

fotoperiodista de la emisora peticionaria que figura en la solicitud?

Tampoco podemos olvidar que estas peticiones son de naturaleza *ex parte*, fundamentadas en nuestro poder de reglamentación, por lo que no se dan en un contexto de un caso-controversia. Evidentemente, la situación ante nos es perfectamente distinguible del escenario fáctico que presenta el caso B. Muñoz, Inc. v. Prod. Puertorriqueña, 109 DPR 825 (1980), en el cual la corporación compareció ante los tribunales -en calidad de demandante- en un caso contencioso.

Con relación a esto, es oportuno enfatizar que el precitado caso B. Muñoz, Inc. v. Prod. Puertorriqueña, fue resuelto al amparo de la derogada *Ley General de Corporaciones de 1956*, Ley Núm. 3 de 9 de enero de 1956, la cual se limitaba a facultar a las corporaciones para demandar y ser demandadas en cualquier tribunal. Fue en ese particular contexto que este Tribunal adoptó la norma que veda a los entes corporativos comparecer por derecho propio ante los foros judiciales. Íd., pág. 828.

Como sabemos, posteriormente fue promulgada la *Ley General de Corporaciones de 2009*, Ley Núm. 164-2009, la cual, además de otorgarle la facultad a las corporaciones para demandar y ser demandadas, permite que éstas participen en cualquier procedimiento

judicial, administrativo, de arbitraje o de cualquier otro género. *Véase* 14 LPRA 3522(b). Es decir, la Ley Núm. 164 le brinda a las corporaciones la facultad de participación.

Así pues, considero que la solicitud instada por Televicentro está enmarcada en su facultad de participación en el cauce de un procedimiento *ex parte* reglamentado por este Tribunal y no en el ámbito contencioso. Ello significa que con el dictamen que emite una Mayoría de este Tribunal se troncha su derecho de participación, bajo un supuesto requisito no contemplado en el Reglamento y que no tiene precedente en este tipo de asunto.[11] Por ello, sostengo que meros tecnicismos legales inaplicables no deben ser obstáculo para otorgar el acceso que Televicentro solicita. Máxime, cuando su petición se fundamenta en un reclamo para ejercer libertades conferidas por la Constitución. En ese sentido, opino que estas solicitudes constituyen piedra angular en el derecho de acceso a la información

---

[11]Aun bajo el prisma de una Mayoría de este Tribunal, no procedía denegar de plano la solicitud de Televicentro, ya que, inclusive, con ello se descarta el curso de acción razonable adoptado por otras jurisdicciones de no desestimar los reclamos presentados por una corporación ante los tribunales en casos contenciosos, sin antes proveerle oportunidad razonable para que comparezca mediante representación legal. *Véanse* Boydston v. Strole Development Co., 193 Ariz. 47 (1998); *In re* K.M.A., Inc., 652 F.2d 398 (1981); Van Gundy v. Camelot Resorts, Inc., 152 Cal.App.3d Supp. 29 (1983).

que cobija a la ciudadanía, incluida la prensa, por lo que no deben coartarse livianamente, a base de tecnicismos inaplicables que no hacen más que colocar trabas innecesarias al acceso.

En armonía con lo anterior, amerita señalar que en el pasado este Tribunal ha otorgado acceso a los tribunales a otros entes corporativos televisivos, sin siquiera aludir o traer a colación el "requisito" de comparecer mediante representación legal que ahora una Mayoría pretende imponer. En particular, recuérdese que este Tribunal permitió que Telemundo de Puerto Rico -quien compareció a través de su Presidente y Gerente General, Sr. José Cancela- participara del sorteo para tener acceso a la vista oral que se celebró con relación al caso de la reforma del Sistema de Retiro de la Judicatura. *Véase* ASPRO *et al.*, 190 DPR 8 (2014).

**II**

Cónsono con mi reiterada postura ante peticiones similares,[12] declararía **con lugar** la petición

---

[12] *Véanse* Voto particular del Juez Asociado señor Estrella Martínez emitido en *In re* Enmdas. Regl. Uso Cámaras Proc. Jud., 2015 TSPR 92, 193 DPR ___ (2015); Voto particular disidente del Juez Asociado señor Estrella Martínez emitido en ASPRO, *Ex parte*, 192 DPR 961 (2015); Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en ASPRO *et al., Ex parte*, 192 DPR 395 (2015); Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en ASPRO *et al., Ex parte*, 191 DPR 490 (2014); Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en Solicitud ASPRO *et al.*, Ex parte II, 190 DPR 184 (2014); Voto particular disidente

presentada por Televicentro. Ello pues, como he indicado en repetidas ocasiones, no debemos detener los esfuerzos encaminados a alcanzar la **plenitud** de acceso a los procesos judiciales dentro de nuestro esquema constitucional. Ciertamente, de esa forma se fomenta un Poder Judicial más accesible y transparente. Por tanto, este Tribunal debe seguir aunando esfuerzos para lograr que la ciudadanía tenga un mayor acceso a los procesos que acontecen en nuestros tribunales y, a su vez, salvaguardar los derechos que cobijan a todas las partes involucradas, incluida la prensa. Meros formalismos y requisitos no contemplados en el Reglamento, según enmendado, no pueden ser óbice para el curso de acción de avanzada que emprendimos hace más de dos años con la aprobación del nuevo Canon 15 de Ética Judicial, 4 LPRA Ap. IV-B, C. 15.

En ese sentido, considero que debemos permitir la transmisión de la totalidad de la vista en cuestión, con las salvaguardas necesarias para proteger los derechos del imputado y/o de los participantes del proceso. Inclusive, al día de hoy, la Oficina de

---

del Juez Asociado señor Estrella Martínez emitido en ASPRO *et al., Ex parte I*, 190 DPR 82 (2014); Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en ASPRO *et al., Ex parte I*, 189 DPR 769 (2013); Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en *In re*: C. 15; Regl. Uso Cámaras Proc. Jud., 188 DPR 424 (2013).

Administración de los Tribunales (OAT) cuenta con el equipo necesario para lograr ese fin. Como he expresado, la política de transmitir los procedimientos judiciales debe ser *la norma y no la excepción*.

### III

Por los fundamentos enunciados, disiento del curso de acción seguido por una Mayoría de este Tribunal. En su lugar, declararía con lugar la petición presentada por Televicentro.

Luis F. Estrella Martínez
Juez Asociado