EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Ex Parte:

Telenoticias, Telemundo de PR | 2016 TSPR 74

195 DPR ____ |

Número del Caso: MC-2016-430


Fecha: 4 de mayo de 2016


Peticionario:

     Lcdo. Walter Soto León


Oficina del Procurador General:

     Lcda. Mónica Cordero Vázquez
     Procuradora General Auxiliar


GFR Media LLC:

     Lcdo. Roberto A. Cámara Fuertes
     Lcdo. Jaime Mercado Almodóvar


Materia: Resolución del Tribunal con Voto Particular de Conformidad.


Se incluye resolución enmendada del 6 de mayo de 2016.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte:

Telenoticias, Telemundo de Puerto Rico

MC-2016-430

RESOLUCIÓN

San Juan, Puerto Rico, a 4 de mayo de 2016.

A la *Petición especial de autorización para el uso de cámaras y equipo audiovisual para la transmisión y grabación de la vista preliminar en alzada contra Luis G. Rivera Seijo*, presentada por Telemundo, se provee ha lugar.

La parte peticionaria se regirá por lo provisto en el *Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales*, según enmendado. *Véanse* In re Enmdas. Regl. Uso Cámaras Proc. Jud. res. el 15 de julio de 2015, 2015 TSPR 92, 193 DPR __ (2015); *In re* C. 15; Regl. Uso Cámaras Proc. Jud., 188 DPR 424 (2013).

En específico, recalcamos que se observarán estrictamente las restricciones contenidas en la Regla 8 del citado Reglamento, a saber:

(1) La cobertura electrónica mediante el uso de cámaras fotográficas y de equipo audiovisual de difusión estará prohibida en todo procedimiento de naturaleza confidencial según establecido por ley o así dispuesto por orden judicial.

*(2)* La cobertura electrónica de un proceso judicial, porciones del mismo, o del testimonio de una parte, una persona testigo o una persona perita puede ser prohibida,

concluida o limitada *motu proprio* por el juez o la jueza que preside el proceso o a instancia de parte. El juez o la jueza efectuará su determinación tomando en consideración el interés de la justicia en proteger los derechos de las partes, de las personas testigos, y para preservar el orden y la buena conducta que debe imperar en el proceso judicial.

(3)  El juez o la jueza podrá ordenar en cualquier momento a los medios de comunicación que suspendan el uso de cámaras fotográficas y de equipo audiovisual de difusión, o podrá conducir el procedimiento en cámara, para evitar la difusión de la presentación en evidencia de cualquier documento o testimonio de naturaleza confidencial o sensitiva.

(4)  No se autorizará la cobertura electrónica de los procedimientos celebrados en cámara ni tomas de video o de fotografía cercanas al rostro (*close-ups*) de cualquiera de los participantes en un procedimiento judicial con cobertura electrónica.

(5)  Solo se permitirá la transmisión en vivo o en directo de cualquier etapa de las vistas del proceso judicial, por radio, televisión e Internet o por algún medio de transmisión análogo, mediante la autorización expresa del tribunal, previa solicitud específica al respecto y siempre que no se afecten los procedimientos ni los derechos de las partes ni el acceso del público y de los funcionarios o funcionarias a la sede del tribunal.

(6)  No se permitirá realizar entrevistas para la difusión ni tomar fotografías en los pasillos adyacentes a la entrada del salón donde se lleva a cabo el procedimiento o donde se estén efectuando otros procesos judiciales. Solo se permitirá en las áreas designadas para ello, que deben ser áreas retiradas de las entradas a los salones del tribunal (por ejemplo, en áreas cercanas a los elevadores o al final de los pasillos); ello de conformidad con la directriz u orden administrativa que regule el asunto

Reiteramos que en conformidad con la Regla 13 del citado Reglamento, el Juez o la Jueza que preside el proceso resolverá, según su sana discreción, cualquier controversia o aspecto no previsto en el mismo.

Se instruye al Director de Prensa de la Oficina de Administración de los Tribunales que brinde el apoyo técnico y logístico necesario para garantizar el cumplimiento de las normas reglamentarias aplicables.

Notifíquese **inmediatamente** por teléfono, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió un Voto particular de conformidad al cual se unen los Jueces Asociados señores Kolthoff Caraballo y Estrella Martínez. El Juez Asociado señor Estrella Martínez está conforme con la determinación del Tribunal y hace constar la siguiente expresión:

> "El Juez Asociado señor Estrella Martínez está conforme con la determinación emitida por este Tribunal. Reitera que por bien del interés público, de las partes involucradas y del propio sistema judicial, resulta imperativo conceder la petición de la prensa para transmitir el proceso penal en cuestión. Sostiene que ello abonará a la transparencia y accesibilidad necesaria que debe caracterizar al Poder Judicial y a la confianza del Pueblo en sus instituciones. *Véanse* Voto particular disidente del Juez Asociado señor Estrella Martínez emitido en Telenoticias, Telemundo PR, *Ex parte*, 2016 TSPR 54, 195 DPR ___ (2016); Voto particular disidente del Juez Asociado señor Estrella Martínez emitido en Televicentro of PR, LLC, *Ex parte*, 2016 TSPR 40, 195 DPR ___ (2016); Voto particular del Juez Asociado señor Estrella Martínez emitido en *In re* Enmdas. Regl. Uso Cámaras Proc. Jud., 2015 TSPR 92, 193 DPR ___ (2015); Voto particular disidente del Juez Asociado señor Estrella Martínez emitido en ASPRO, *Ex parte*, 192 DPR 961 (2015); Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en ASPRO *et al.*, *Ex parte*, 192 DPR 395 (2015);

Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en _ASPRO et al., Ex parte_, 191 DPR 490 (2014); Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en _Solicitud ASPRO et al., Ex parte II_, 190 DPR 184 (2014); Voto particular disidente del Juez Asociado señor Estrella Martínez emitido en _ASPRO et al., Ex parte I_, 190 DPR 82 (2014); Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en _ASPRO et al., Ex parte I_, 189 DPR 769 (2013); Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en _In re: C. 15; Regl. Uso Cámaras Proc. Jud._, 188 DPR 424 (2013)."

El Juez Asociado señor Rivera García proveería no ha lugar y hace constar la siguiente expresión, a la cual se une la Jueza Asociada señora Pabón Charneco: "Es mi criterio que una vista preliminar en alzada queda fuera del alcance del _Reglamento del Programa experimental para el uso de cámaras fotográficas y de equipo audiovisual de difusión por los medios de comunicación en los procesos judiciales_. De otra parte, disiento por los mismos fundamentos que expuse en mi voto particular de conformidad en parte y disidente en parte en _In re Enmdas. Regl. Uso Cámaras Proc. Jud._, 2015 TSPR 92, 193 DPR ___ (2015), en referencia a las salas de asuntos criminales."

La Juez Asociada señora Rodríguez Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte:

MC-2016-430

Telenoticias, Telemundo de Puerto Rico

RESOLUCIÓN
(ENMENDADA)

En San Juan, Puerto Rico, a 6 de mayo de 2016.

A la Petición Especial de autorización para el uso de cámaras y equipo audiovisual para la transmisión y grabación de la vista preliminar en alzada contra Luis G. Rivera Seijo, presentada por Telemundo, se provee ha lugar.

Este proceso se regirá por lo provisto en el Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de comunicación en los Procesos Judiciales, según enmendado. Véanse *In re Enmdas. Regl. Uso Cámaras Proc. Jud.* Res. El 15 de julio de 2015, 2015 TSPR 92, 193 DPR ___ (2015); *In re C. 15; Regl. Uso Cámaras Proc. Jud.*, 188 DPR 424 (2013).

En específico, recalcamos que se observarán estrictamente las restricciones contenidas en la Regla 8 del citado Reglamento, a saber:

(1) La cobertura electrónica mediante el uso de cámaras fotográficas de equipo audiovisual de difusión estará prohibida en todo procedimiento de naturaleza confidencial según establecido por ley o así dispuesto por orden judicial.

(2) La cobertura electrónica de un proceso judicial, porciones del mismo, o del testimonio de una parte, una persona testigo o una persona perita puede ser prohibida, concluida o limitada *motu proprio* por el juez o la jueza que preside el proceso o a instancia de parte. El juez o la jueza efectuará su determinación tomando en consideración el interés de la justicia en proteger los derechos de las partes, de las personas testigos, y para preservar el orden y la buena conducta que debe imperar en el proceso judicial.

(3) El juez o la jueza podrá ordenar en cualquier momento a los medios de comunicación que suspendan el uso de cámaras fotográficas y de equipo audiovisual de difusión, o podrá conducir el procedimiento en cámara, para evitar la difusión de la presentación en evidencia de cualquier documento o testimonio de naturaleza confidencial o sensitiva.

(4) No se autorizará la cobertura electrónica de los procedimientos celebrados en cámara ni tomas de video o de fotografía cercanas al rostro (*close-ups*) de cualquiera de los participantes en un procedimiento judicial con cobertura electrónica.

(5) Solo se permitirá la transmisión en vivo o en directo de cualquier etapa de las vistas del proceso judicial, por radio, televisión e Internet o por algún medio de transmisión análogo, mediante la autorización expresa del tribunal, previa solicitud específica al respecto y siempre que no se afecten los procedimientos ni los derechos de las partes ni el acceso del público y de los funcionarios o funcionarias a la sede del tribunal.

(6) No se permitirá realizar entrevistas para la difusión ni tomar fotografías en los pasillos adyacentes a la entrada del salón donde se lleva a cabo el procedimiento o donde se estén efectuando otros procesos judiciales. Solo se permitirá en las áreas designadas para ello, que deben ser áreas retiradas de las entradas a los salones del tribunal (por ejemplo, en áreas cercanas a los elevadores o al final de los pasillos); ello de conformidad con la directriz u orden administrativa que regule el asunto.

Se dispone además que la transmisión de la vista se regirá según el procedimiento dispuesto a continuación.

La grabación y transmisión en vivo de la vista preliminar en alzada se hará a través de un sistema portátil que la Oficina de Prensa de la Oficina de Administración de los Tribunales adquirió para este tipo de transmisión. El mismo permite la instalación de cámaras de video en las salas de los tribunales y la transmisión remota de las imágenes captadas por éstas a los distintos medios de comunicación. El Director de la Oficina de Prensa, el Sr. Daniel Rodríguez León, estará encargado de coordinar todo lo relacionado con la transmisión en vivo de la vista preliminar en alzada mediante este sistema remoto. Todos los interesados deberán coordinar con el señor Rodríguez León para obtener acceso remoto a la transmisión en vivo de la vista.

Por otra parte, a los fines de asegurar la solemnidad y el decoro del proceso judicial, se permitirá la entrada de cámaras de fotografía a ser operadas por representantes de los medios de prensa escrita o digital (internet). Para regular el uso de cámaras fotográficas, hacemos extensivo, de forma excepcional, el *Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales*, según enmendado. Los gremios periodísticos deberán regirse por las disposiciones pertinentes del antedicho *Reglamento*, siempre y cuando no sean contrarias o incompatibles con lo aquí dispuesto. No se permitirá tomar fotografías mediante el uso de equipo electrónico adicional.

También se permitirá, sujeto a las restricciones impuestas en el Canon 15 de Ética Judicial, 4 LPRA Ap. IV-B, y en el *Reglamento*:

1. El uso de grabadoras de audio portátiles sujeto a que su operación sea discreta y silenciosa.

2. El uso de computadoras portátiles, teléfonos celulares, tabletas, entre otros dispositivos electrónicos o equipo similar, <u>para recopilar y transmitir información escrita</u> a través del internet, siempre que no interfiera con el proceso judicial, su operación sea silenciosa y discreta y

no se utilicen para fotografiar, grabar imágenes o audio, ni para radiodifundir ni televisar.

Recordamos a los medios de comunicación que, por la solemnidad del proceso judicial, deben ceñirse estrictamente a las disposiciones aplicables del *Reglamento* y a lo aquí dispuesto.

Reiteramos que en conformidad con la regla 13 del citado Reglamento, el Juez o la Jueza que preside el proceso resolverá, según su sana discreción, cualquier controversia o aspecto no previsto en el mismo.

Se instruye al Director de Prensa de la Oficina de Administración de los Tribunales que brinde el apoyo técnico y logístico necesario para garantizar el cumplimiento de las normas reglamentarias aplicables.

Notifíquese inmediatamente por teléfono, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió un Voto particular de conformidad al cual se unen los Jueces Asociados señores Kolthoff Caraballo y Estrella Martínez. El Juez Asociado señor Estrella Martínez está conforme con la determinación del Tribunal y hace constar la siguiente expresión:

"El Juez Asociado señor Estrella Martínez está conforme con la determinación emitida por este Tribunal. Reitera que por bien del interés público, de las partes involucradas y del propio sistema judicial, resulta imperativo conceder la petición de la prensa para transmitir el proceso penal en cuestión. Sostiene que ello abonará a la transparencia y accesibilidad necesaria que debe caracterizar al Poder Judicial y a la confianza del Pueblo en sus instituciones. *Véanse* Voto particular disidente del Juez Asociado señor Estrella Martínez emitido en Telenoticias, Telemundo PR, Ex parte, 2016 TSPR 54, 195 DPR ____ (2016); Voto particular disidente del Juez Asociado señor Estrella Martínez emitido en Televicentro of PR, LLC, Ex parte, 2016 TSPR 40, 195 DPR ___ (2016); Voto particular del Juez Asociado señor Estrella Martínez emitido en In re Enmdas. Regl. Uso Cámaras Proc. Jud., 2015 TSPR 92, 193 DPR ___

(2015); Voto particular disidente del Juez Asociado señor Estrella Martínez emitido en ASPRO, Ex parte, 192 DPR 961 (2015); Voto particular de conformidad del Juez Asociado señor Estrella Martínez en ASPRO *et al.*, Ex parte, 192 DPR 395 (2015) Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en ASPRO *et al.*, Ex parte, 191 DPR 490 (2014); Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en Solicitud ASPRO *et al.*, Ex parte II, 190 DPR 184 (2014); Voto particular disidente del Juez Asociado señor Estrella Martínez emitido en ASPRO *et al.*, Ex parte I, 190 DPR 82 (2014); Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en ASPRO *et al.*, Ex parte I, 189 DPR 769 (2013); Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en In re: C. 15; Regl. Uso Cámaras Proc. Jud., 188 DPR 424 (2013)."

El Juez Asociado señor Rivera García proveería no ha lugar y hace constar la siguiente expresión, a la cual se une la Jueza Asociada señora Pabón Charneco: "Es mi criterio que una vista preliminar en alzada queda fuera del alcance del Reglamento del Programa experimental para el uso de cámaras fotográficas y de equipo audiovisual de difusión por los medios de comunicación en los procesos judiciales. De otra parte, disiento por los mismos fundamentos que expuse en mi voto particular de conformidad en parte y disidente en parte en In re Enmdas. Regl. Uso Cámaras Proc. Jud., 2015 TSPR 92, 193 DPR ___ (2015), en referencia a las salas de asuntos criminales."

La Juez Asociada señora Rodríguez Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Suprem

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte

Telenoticias, Telemundo de
Puerto Rico                    MC-2016-430

Voto particular de conformidad emitido por la Jueza Presidenta Oronoz Rodríguez, al cual se unen el Juez Asociado señor Kolthoff Caraballo y el Juez Asociado señor Estrella Martínez

En San Juan, Puerto Rico, a 4 de mayo de 2016.

Hace sólo unas semanas estuvo ante nuestra consideración la solicitud de uno de los medios de prensa televisiva del País para transmitir los procedimientos en la vista preliminar del caso en contra del señor Luis G. Rivera Seijo, acusado por la muerte del niño Lorenzo González Cacho. En aquel momento me vi obligada a disentir, luego de que una mayoría de los miembros de este Tribunal denegara la petición y descartara la oportunidad de fortalecer nuestro compromiso con la

mayor apertura de los procedimientos judiciales y la transparencia.[1]

Hoy, estoy conforme con la determinación tomada por este Tribunal de permitir la transmisión de la vista preliminar en alzada de ese mismo caso. Estoy convencida de que las circunstancias excepcionales de este caso requieren que declaremos con lugar la petición. No hay impedimento para que así sea ya que nuestro ordenamiento jurídico provee los mecanismos y la Rama Judicial cuenta con el equipo y la infraestructura para permitir la transmisión del proceso y proteger los derechos de las partes involucradas.

Debo repetirlo, se trata de uno de los casos que más interés público ha despertado en los últimos años, no sólo por los terribles hechos que lo originaron sino además por el accidentado trámite que ha seguido. Dicho trámite, sumado a la proliferación de toda clase de información reproducida a lo largo de seis años, ha propiciado el desconcierto y el escepticismo en la ciudadanía. Frente a semejante panorama, no debe extrañar el gran interés que tiene el pueblo en conocer las incidencias del caso Pueblo v. Luis G. Rivera Seijo, DVP 2016-0291, sin más intermediarios que sus propios sentidos y su consciencia.

Sin duda, los reportajes de la prensa juegan un papel muy importante a la hora de transmitir lo que acontece

---

[1] Véase Televicentro of Puerto Rico, LLC, *Ex parte*, res. de 17 de marzo de 2016, 2016 TSPR 40, 194 DPR ___ (2016) (Voto Particular Disidente; Oronoz Rodríguez, J.P.).

dentro de una sala de justicia. Sin embargo, como parte del derecho a la libre expresión, todos los ciudadanos tienen derecho a acceder por ellos mismos y presenciar el proceso. A pesar de ello, la posibilidad real de ejercer este derecho es en muchos casos una ficción debido a la dificultad que implica abandonar los asuntos acuciantes del diario vivir. Precisamente por eso fue que en el 2013 enmendamos el Canon XV de Ética Judicial, 4 LPRA Ap. IV-B, C. 15, y aprobamos el *Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales* (PECAM).[2]

La ciudadanía exige de sus instituciones mayor transparencia. Este caso es el mejor ejemplo de ello. La sala donde se realizó la vista preliminar estuvo llena todos los días en que allí hubo sesión. Tanto así, que muchos de los que llegaron al tribunal no pudieron entrar, situación que generó confusión y que incluso llevó,

_____

[2] Cabe mencionar que, en vista de los resultados positivos del PECAM, el 15 de julio de 2015 enmendamos el Reglamento aplicable para extender la aplicación de dicho Programa a la Sala 901 de Asuntos de lo Civil y a la Sala 1104 de Asuntos de los Criminal en el Centro Judicial de San Juan. En aquella ocasión emití un Voto Particular de Conformidad por entender que la entrada de cámaras a un sala judicial

permiten que la ciudadanía tenga acceso de primera mano al funcionamiento de su sistema de justicia. Sin este tipo de acceso, aquellas personas que nunca han acudido a los tribunales están sujetas a las impresiones que le transmitan terceras personas—impresiones que no siempre se ciñen a la realidad de los procesos y a lo acontecido en las salas-, así como a las concepciones erróneas que suelen predominar acerca del proceso judicial. Véase Voto Particular de Conformidad emitido en *In re*: Enmiendas al Reglamento del Programa Experimental para el Uso de las Cámaras Fotográficas y Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales, 2015 TSPR 92, págs. 2-3, 193 DPR ___ (2015).

lamentablemente, al amontonamiento de ciudadanos en los pasillos. Estoy segura de que esto no habría pasado si hubiéramos facilitado en aquel momento el acceso por medio de la transmisión audiovisual y electrónica de los procedimientos.

Por otro lado, la apertura de las salas no es incompatible con el derecho de todo acusado a un debido proceso de ley y a un juicio justo e imparcial. Garantizar esos derechos es nuestro deber y prioridad. Por eso, todas las iniciativas que se han tomado para fomentar el acceso a través de proyectos como el PECAM tienen como premisa la centralidad de los derechos de las partes. Es por esta razón que hemos incluido en el Reglamento del PECAM los mecanismos que permiten balancear los intereses de todas las partes.

Así, por ejemplo, el juez o jueza que preside tiene facultad para limitar la cobertura de cualquier parte del proceso, incluyendo la suspensión de la transmisión. Estas herramientas se extienden, entre otras medidas, para prohibir el enfoque a los testigos, la transmisión de declaraciones sensitivas, requerir la alteración de la voz y otras salvaguardas que provee la tecnología.

Tampoco es excusa que el PECAM no se haya extendido a salas fuera del Centro Judicial de San Juan ni a la etapa de vista preliminar en alzada. La Regla 15 del Reglamento del PECAM permite, por excepción, la cobertura y transmisión de procedimientos como el presente. Como dije,

si hay un caso verdaderamente excepcional, en el que urge utilizar los mecanismos a nuestra disposición para cumplir el cometido de mayor acceso y transparencia, tiene que ser éste.

Confío plenamente en la capacidad, el profesionalismo y la ética de quienes componen la Rama Judicial. Sin embargo, el pueblo tiene derecho a poderlo constatar por sí mismo, a estar informado y a observar el desarrollo de los procedimientos. Esto no sólo es esencial para solidificar la confianza, sino que ayuda a despejar la confusión, la inquietud y el escepticismo que han rodeado este caso. Más aún, se trata de uno de los pilares sobre el que se asienta nuestro sistema democrático de gobierno.

Al permitir la transmisión de esta vista preliminar en alzada, una mayoría de este Tribunal valientemente aprovecha la oportunidad de poner en práctica, en una coyuntura apremiante, los propósitos que motivaron la adopción de este programa. Esto es, el acceso de la ciudadanía a los procesos judiciales.

Por todo lo anterior, estoy conforme.


Maite D. Oronoz Rodríguez
Jueza Presidenta