EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex Parte:<br><br>Telenoticias, Telemundo de PR | 2016 TSPR 54<br><br>195 DPR ____ |

Número del Caso: MC-2016-317


Fecha: 18 de marzo de 2016


Peticionario:

        Lcdo. Walter Soto León


Materia: Resolución del Tribunal con Voto Particular Disidente


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte

Telenoticias, Telemundo de PR

MC-2016-0317

RESOLUCIÓN

San Juan, Puerto Rico, a 18 de marzo de 2016

Evaluada la *Petición Especial de Autorización para el Uso de Cámaras y Equipo Audiovisual para la Transmisión y Grabación de la Vista Preliminar contra Luis G. Rivera Seijo*, se provee no ha lugar.

Notifíquese por correo electrónico, por teléfono y por la vía ordinaria.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres hace constar las siguientes expresiones:

"Estoy conforme con proveer no ha lugar a la solicitud ante nuestra consideración. No obstante, me parece importante explicar brevemente los fundamentos que me llevaron a tomar esa decisión.

De entrada, reitero que estoy de acuerdo en que los procedimientos judiciales en la Isla tienen que abrirse a las cámaras de televisión, incluso los casos criminales. Así lo he expresado en el pasado en varias ocasiones. <u>In re: Enmiendas al Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de</u>

Difusión por los Medios de Comunicación en los Procesos Celebrados en los Procesos Judiciales, 2015 TSPR 92, (Martínez Torres, Voto particular de conformidad). Ahora bien, como indica la propia parte peticionaria, el caso al que se solicita acceso ha recibido cuantiosa publicidad, al punto de que parte de la ciudadanía ya tiene su mente formada sobre el asunto. Petición especial de autorización para el uso de cámaras y equipo audiovisual para la transmisión y grabación de la vista preliminar contra Luis G. Rivera Seijo, pág. 4. Ante la posibilidad de que esa publicidad sea en perjuicio del imputado, estamos obligados a hacer un balance entre el interés de la prensa en transmitir video y audio del procedimiento criminal y los derechos constitucionales del imputado. En ese proceso de análisis, es fundamental que le brindemos la oportunidad a las partes en el caso de expresarse en torno a la solicitud en cuestión. Por esa razón, cuando enmendamos recientemente el *Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Celebrados en los Procesos Judiciales* (Reglamento del PECAM), dispusimos en la Regla 15 que las solicitudes de autorización debían tramitarse "mediante una moción presentada al menos veinte días antes de la fecha asignada en el calendario para el inicio del proceso. En casos extraordinarios, los medios de comunicación [pueden] presentar la petición tan pronto advengan en conocimiento del señalamiento". Además, establecimos que los medios de comunicación debían notificar copia de la solicitud a las partes, quienes, a su vez, cuentan con cinco días a partir de esa notificación para expresarse al respecto.

En este caso Telenoticias presentó su solicitud el 17 de marzo de 2016 y la vista preliminar a la que se solicita acceso está programada para el 29 de marzo de 2016. Por lo tanto, no hay duda de que la solicitud no se presentó dentro del término requerido. La parte peticionaria tampoco nos argumenta que nos encontramos ante un caso extraordinario, que nos permita dispensar del término reglamentario. Por lo tanto, nos vemos obligados a denegar la solicitud de cobertura electrónica. Resolver lo contrario conllevaría ignorar un término reglamentario y le privaría a las partes de su derecho a expresarse con respecto a la solicitud. Recordemos que la

próxima semana la Rama Judicial solo trabajará durante dos días, puesto que el martes, 22 de marzo y el viernes 25 de marzo son días festivos y para el jueves 24 de marzo se ha decretado un cierre total. Tampoco es una opción viable que a última hora ordenemos la paralización de la vista preliminar para tener tiempo suficiente para llevar a cabo el análisis requerido una vez recibamos el insumo de las partes. Precisamente, para evitar trastocar los trabajos de la Rama Judicial es que establecimos un término específico dentro del cual se tienen que tramitar este tipo de solicitudes. Posponer la vista no serviría al interés público. Por lo tanto, a estas alturas, no creo que haya otra alternativa y voto conforme para denegar la moción de Telenoticias."

La Jueza Presidenta Oronoz Rodríguez disiente y hace constar la siguiente expresión:

"La Jueza Presidenta Oronoz Rodríguez disiente de la determinación de una mayoría de este Tribunal por los fundamentos contenidos en su Voto Particular Disidente emitido en Ex parte Televicentro of Puerto Rico, L.L.C., MC-2016-0310, Res. 17 de marzo de 2016."

El Juez Asociado señor Kolthoff Caraballo hace constar la siguiente expresión:

"El Juez Asociado señor Kolthoff Caraballo proveería ha lugar a la presente solicitud por los mismos fundamentos vertidos en el *Voto particular disidente emitido por el Juez Asociado señor Kolthoff Caraballo* en Ex parte: Televicentro de Puerto Rico, LLC, MC-2016-0310.

El Juez Asociado señor Estrella Martínez emitió un Voto particular disidente.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*Ex parte*

Telenoticias, Telemundo de
Puerto Rico

MC-2016-317

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 18 de marzo de 2016.

Hasta ahora, tan solo la prensa, además del público en general, goza de libre entrada a nuestras salas de justicia. ¿Por qué excluir a la televisión y a la radio? La tecnología moderna ha desarrollado, por ejemplo, pequeñas cámaras silenciosas que pueden telegrabar los procedimientos judiciales sin interferencia con su desenvolvimiento usual. De estimar que pueden lastimarse los derechos de los litigantes, existe multiplicidad de precedentes para la reglamentación del proceso. En muchas jurisdicciones, debe recordarse también, no se han erigido trabas de ninguna naturaleza y el experimento ha sido exitoso.[1]

---

[1] J. Trías Monge, Sociedad, Derecho y Justicia, Puerto Rico, Editorial de la Universidad de Puerto Rico, 1986, págs. 328-329.

Los alegados fundamentos para denegar la difusión de la vista preliminar del caso del niño Lorenzo siguen desmoronándose. A pesar de ello, una Mayoría de este Tribunal se resiste a continuar adelantando la gesta sugerida por el ex Juez Presidente José Trías Monge e implantada bajo la Corte del ex Juez Presidente Hernández Denton.

Hoy comparece otro medio televisivo, representado por un periodista y licenciado en Derecho, solicitando que le inyectemos vida, vigor y vigencia a las protecciones de libertad de expresión y prensa. Lejos de otorgarle vida a esa petición, le damos muerte a la posibilidad de transmitir en su totalidad, por el bien del interés público, de las partes involucradas y del propio sistema de justicia criminal, **el caso del niño Lorenzo**. Esto, como he expresado, "en claro retroceso a los esfuerzos por lograr que el Poder Judicial sea más transparente y accesible a nuestra ciudadanía".[2]

Desde la aprobación del nuevo Canon 15 de Ética Judicial, 4 LPRA Ap. IV-B, C. 15, he sostenido que lo dispuesto en un programa experimental no puede ser una camisa de fuerza o una excusa para reconocer el pleno acceso a los procesos judiciales, dentro de nuestro esquema constitucional. A fin de cuentas, los reclamos

---

[2] *Véase* Voto particular disidente del Juez Asociado señor Estrella Martínez emitido en *Ex parte: Televicentro of Puerto Rico, LLC*, MC-2016-0310, res. el 17 de marzo de 2016.

constitucionales, como el levantado por la peticionaria Telemundo, no pueden despacharse con el razonamiento de que el *Reglamento del programa experimental para el uso de cámaras fotográficas y de equipo audiovisual de difusión por los medios de comunicación en los procesos judiciales* (Reglamento), según enmendado, no lo contempla, toda vez que una norma de mayor rango faculta y exige resolver la controversia planteada.

Ante ese cuadro, procede reiterar lo que advertí al momento de enmendarse el Reglamento, a saber:

> [S]i bien el ... Reglamento dispone la manera en que debe operar el programa experimental, desde la aprobación del nuevo Canon 15 se han establecido precedentes históricos al permitir la cobertura de vistas orales celebradas ante este Tribunal, así como transmisiones de varias instancias de procedimientos judiciales de naturaleza penal. A pesar de que estos procedimientos judiciales quedan fuera del alcance del PECAM, considero que al permitir su cobertura le hemos otorgado fiel cumplimiento al reseñado propósito cardinal que nos llevó a aprobar el nuevo Canon 15. Resulta oportuno puntualizar que en las ocasiones en que permitimos el acceso de la prensa a procedimientos judiciales fuera de lo cobijado en el PECAM, siempre hice hincapié en que debíamos movernos a considerar la necesidad de *uniformar* y *ampliar* las normas que se iniciaron con la implantación del programa experimental.[3]

---

[3]*Véase* Voto particular del Juez Asociado señor Estrella Martínez emitido en *In re* Enmdas. Regl. Uso Cámaras Proc. Jud., 2015 TSPR 92, 193 DPR ___ (2015). (Nota omitida).

"Ciertamente, lo que sí es impedimento es la ausencia de voluntad de acción inmediata de este Tribunal".[4] Por ello, nuevamente DISIENTO.[5]


Luis F. Estrella Martínez
*Juez Asociado*

---

[4]*Véase* Voto particular disidente del Juez Asociado señor Estrella Martínez ASPRO, *Ex parte*, 192 DPR 961, 972 (2015).

[5]Además de lo expuesto, reitero los fundamentos contenidos en el Voto particular disidente del Juez Asociado señor Estrella Martínez emitido en *Ex parte*: Televicentro of Puerto Rico, LLC, MC-2016-0310, res. el 17 de marzo de 2016.